IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Edward Kasyjanski,<br><br>                              Petitioner,<br><br>vs.<br><br> Erin Gaffeny,<br><br><br><br>                              Respondent. | C/A No. 1:24-cv-2274-JFA<br><br><br><br>**ORDER** |

I.     **INTRODUCTION**

Plaintiff Keith Edward Kasyjanski (Petitioner), a self-represented, former pretrial detainee[1], brings this action pursuant to 28 U.S.C. § 2241 against Erin Gaffney (Respondent). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On April 22, 2024, Petitioner filed his petition concerning his prior period of psychiatric commitment at Well Path Recovery Solutions (Well Path). (ECF No. 1). On May 22, 2024, the Magistrate Judge issued a proper form order, noting that Petitioner did not sign the petition, pay the filing fee, or file a motion to proceed *in forma pauperis*. (ECF No. 5). The Magistrate Judge ordered Petitioner to correct the deficiencies by June 12, 2024. (ECF No. 5).

---

[1] When Petitioner filed his Petition, he was a pretrial detainee at Fairfield County Detention Center. Plaintiff has since been discharged pursuant to a state court order specifying methods and conditions of release. Letter from Keith Edward Kasyjanski at 1-8, Kasyjanski v. Squirewell, No. 1:24-cv-04216-JFA-SVH (D.S.C. Sep. 16, 2024), ECF No. 16.

On June 18, 2024, Petitioner mailed a letter to the Court, stating that he is indigent, and that he was out of paper and stamps. (ECF No. 10). Interpreting the Petitioner's letter as a motion for an extension of time to respond to the proper form order, the Magistrate Judge extended Petitioner's deadline to July 18, 2024. (ECF No. 12). Petitioner failed to correct the deficiencies by the July 18 deadline. Subsequently, the Magistrate Judge issued a Report and Recommendation (Report), concluding that this Court should dismiss Petitioner's Petition without prejudice for failure to prosecute. (ECF No. 16). Thereafter, Petitioner filed objections to the Report, a signed petition and a Form AO 240 to proceed *in forma pauperis*. (ECF Nos. 23, 24 & 26). Therefore, this matter is ripe for review.

## II.    STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

2

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

On July 25, 2024, the Magistrate Judge recommended this Court dismiss Petitioner's habeas corpus action because he did not sign the petition, pay the filing fee, or file a motion to proceed *in forma pauperis*. On August 22, 2024, the Court received mailed copies of Petitioner's objections, signed petition, and Form AO 240. Petitioner's objections do not identify specific errors in the Report and are near recitations of the allegations in the petition. (ECF No. 23). In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff's "objections" simply repeat allegations from

the amended complaint and do not enable the Court to identify or analyze Plaintiff's opposition to the Report. However, Petitioner's signed petition and Form AO 240 appear to cure the deficiencies outlined in the Report.[2] Furthermore, Petitioner's filings indicate an intent to pursue the above captioned matter. Therefore, the Court declines to adopt the recommendation that this action be dismissed for failure to prosecute.

### IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. However, Petitioner timely corrected the deficiencies outlined in the Report, indicating an intent to pursue his habeas corpus action. Thus, the Court declines to adopt the recommendation that this action be dismissed for failure to prosecute, and this case is to be referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED

October 23, 2024                              Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Court Judge

---

[2] Although the Court did not receive a copy of Petitioner's signed petition and Form AO 240 until ten days after the filing deadline, a prisoner's pleading is considered filed when it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The envelopes postmarks are illegible; however, both documents are dated August 7, 2024. (ECF Nos. 24 & 26). Out of an abundance of caution, the Court presumes Petitioner delivered the documents to prison authorities the day that he signed them. Therefore, Petitioner's filings were timely.