IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Edward Kasyjanski, ) | C/A No.: 1:24-cv-2274-JFA-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Erin Gaffeny, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Keith Edward Kasyjanski ("Petitioner"), proceeding pro se, filed this amended petition pursuant to 28 U.S.C. § 2241 against Erin Gaffeny ("Respondent"), the director of Well Path Recovery Solutions ("Well Path"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the amended petition without prejudice and without requiring Respondent to answer.

I.      Factual and Procedural Background

On April 22, 2024, Petitioner filed a petition concerning his prior period of psychiatric commitment at Well Path. [ECF No. 1 at 1]. On May 22, 2024, the undersigned issued a proper form order explaining that Petitioner had not signed the petition, paid the filing fee, or filed a motion to proceed *in forma*

*pauperis*.[1] [ECF No. 5 at 1]. The order further noted "it is not clear from the petition, and Petitioner fails to explain, how the grounds and facts he references support his claim" and "[i]t is not clear from the petition whether Petitioner is challenging his psychiatric confinement at Well Path . . . or his current pretrial detention as unconstitutional." *Id.* at 2. The order permitted Petitioner until June 12, 2024, to: (1) sign and return the petition or file a signed and amended petition; and (2) pay the five-dollar filing fee for a habeas corpus action or complete and return the application to proceed in district court without prepayment of fees and costs ("Form AO 240"). *Id.* at 4–5.

Although Petitioner named Well Path as his place of confinement, the order noted, based on the return address and information he provided in an attachment to the complaint, that he had been released from Well Path on March 3, 2024, and was in the custody of Fairfield County Detention Center ("FCDC") at the time of the petition's filing. *Id.* at 3 n.2 and 5 n.3. On June 18, 2024, Petitioner mailed a letter to the court representing that he was indigent, his stamps had been stolen, and he lacked the paper and stamps required to continue his lawsuit. [ECF No. 10]. The undersigned interpreted Petitioner's letter as a motion for an extension of time to respond to the proper form order

---

[1] A prisoner may file a civil action in federal court without prepaying a filing fee if he "submits an affidavit that includes a statement of all assets [he] possesses" and indicates he "is unable to pay or give security" for the filing of the action. 28 U.S.C. § 1915(a)(1).

2

and extended the deadline to file a response to July 18, 2024. [ECF No. 12]. It appears the clerk re-mailed the proper form order and its attachments to Petitioner at FCDC on June 28, 2024. [ECF No. 14].

On July 25, 2024, the undersigned issued a report recommending the petition be struck and the case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41 and failure to comply with a court order. [ECF No. 16]. On August 22, 2024, the court received Petitioner's objections to the report and recommendation, an amended petition, form USM-285, and form AO-240.[2] [ECF Nos. 23, 24, 25, 26]. On October 23, 2024, the Honorable Joseph F. Anderson, Jr., United States District Judge ("Judge Anderson"), issued an order declining to adopt the report and recommendation because Petitioner timely corrected the deficiencies identified in the report and indicated his intent to pursue the habeas corpus action. [ECF No. 29 at 4]. Judge Anderson referred the case to the undersigned for further proceedings, including review of the amended petition. *Id.*

In the amended petition, Petitioner set forth the following: "GROUND ONE: First amendment's Free Speech, my right to work, the [right] to travel,

---

[2] The court considered Petitioner's objections timely because the amended petition and the application to proceed in district court without prepaying fees or costs were dated August 7, 2024, the postmarks were illegible, and a prisoner's pleading is considered filed when it is delivered to prison authorities for forwarding to the court, *see Houston v. Lack*, 487 U.S. 266, 270 (1988). [ECF No. 29 at 4 n.2].

3

life, liberty, pursuit of happiness, protection of my rights and property, second amendment for my protection, 4 amendment unreasonable search and seizure 5th Amendment 6th Amendment 14 Amend." [ECF No. 24 at 6]. He provided the following "[s]upporting facts":

> 2/7/23 Sheriff officers came to my job order me to come to court a summons 2/8/23 on this Day was arrested tell the Court they were operating under the color of law 10 times, I was arrested incarcerated for 1 month and a week forensic examiner for competency got out 4/14/23 of Jail 42 USC 1983 law suit my mail Box, 4/21/23 rearrested incarcerated 10 month's 10/31/23.

*Id.* He indicated the following as "GROUND TWO: 0:23-CV-01756-JFA 08/24/23 ECF No 7 The filling is unintelligible dismissed." *Id.* He requested the court "give [him] freedom." *Id.* at 7.

Plaintiff further alleged the following as to Respondent:

> Erin Gaffeny Protect's and up holds South Carolina Law and Not the Federal Constitution of the United States, Federal Constitution has No Standing at well path recovery corrective solutions! No law library, gave her form Col I' am incarcerated for 1st Amendment Free Speech, my right to travel, life, liberty, Pursuit of happiness, my right to work, 2nd Amendment and 6th Amendment, See rule 8 and 10 of the Federal rule of civil Procedure. Petition under title 28 U.S.C. § 2254 in State custody.

[ECF No. 24-1 at 3].

II. Discussion

    A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section

4

2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Petitioner's Release from Custody Renders the Petition Moot

Petitioner requested the court grant him "freedom" [ECF No. 7], but it appears he had already been released from Well Path at the time he filed the

---

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

original petition. *See* ECF No. 1-1 at 5 ("Left Fairfield County Detention Center for 180 Days For court order to Wellpath Psychiatric Hospital—Forensics came back 3/3/24"); ECF No. 1-2 at 1 (return address on mailing envelope corresponds to address for the Fairfield County Detention Center). It does not appear from the record before the court that Plaintiff has returned to Well Path during the pendency of this case. In fact, Plaintiff notified the court in another of his cases that he was released from FCDC to home detention on September 11, 2024, pending the resolution of his state criminal proceedings. *See Kasyjanski v. Squirewell*, C/A No. 1:24-cv-4216-JFA, ECF No. 16 (D.S.C. Sept. 16, 2024).[4]

"The federal habeas corpus statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

---

[4] The undersigned takes judicial notice of the filings in Plaintiff's other cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

It appears Petitioner was not in the custody of Respondent at the times he filed the original and amended petitions or at any point during the pendency of this matter. Furthermore, it appears based on Petitioner's representation in his other case that he has not been in the custody of any facility in the state since September 11, 2024. Petitioner has been granted the "freedom" he requested, as subject to the bond conditions. Therefore, the undersigned recommends the court find the amended petition is moot.

 2. Failure to Correct Deficiencies in Amended Petition

In reviewing the original petition, the court noted "it is not clear . . . and Petitioner fails to explain, how the grounds and facts he references support his claim." [ECF No. 5 at 2]. The same is true of the amended petition.

Pursuant to Fed. R. Civ. P. 8(a): "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Petitioner includes conclusory, unexplained, and generally nonsensical grounds and supporting facts in the amended petition. It is not sufficient to put Respondent on notice of Petitioner's claims. Consequently, the undersigned also recommends dismissal of the petition based on Petitioner's failure to comply with Rule 8(a).

 3. *Younger* Abstention Required

To the extent Petitioner may be seeking freedom from future confinement as a result of his pending criminal charges, the court is prohibited

7

from providing such relief. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The first criterion is met as the attachments to Petitioner's September 16 letter in his other case indicate he is involved in ongoing state criminal proceedings. *See Kasyjanski v. Squirewell*, C/A No. 1:24-cv-4216-JFA, ECF No. 16-1 (D.S.C. Sept. 16, 2024). The second criterion is also met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the consideration that should influence a court considering equitable types of

8

relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criterion, the Fourth Circuit has noted "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner may present arguments as to the validity of the charges against him as part of his defense in the ongoing criminal case.

Petitioner has not made a showing of "extraordinary circumstances" justifying this court's interference with the state criminal proceedings. *See Robinson v. Thomas*, 885 F.3d 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Accordingly, the undersigned recommends this court abstain from issuing any order that might interfere with the state's interest in the pending actions and dismiss the petition.

III.    Conclusion

In light of the foregoing, the undersigned recommends the court dismiss the petition without leave for further amendment and without requiring Respondent to file a return.

      IT IS SO RECOMMENDED.

October 28, 2024                          Shiva V. Hodges  
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

10

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).