IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Edward Kasyjanski,<br><br>                              Petitioner,<br><br>vs.<br><br> Erin Gaffeny,<br><br><br><br>                              Respondent. | C/A No. 1:24-cv-2274-JFA<br><br><br><br>**ORDER** |

Plaintiff Keith Edward Kasyjanski (Petitioner), a self-represented, former pretrial detainee[1], brings this action pursuant to 28 U.S.C. § 2241 against Erin Gaffney (Respondent). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On April 22, 2024, Petitioner filed his petition concerning his prior period of psychiatric commitment at Well Path Recovery Solutions (Well Path). (ECF No. 1). On May 22, 2024, the Magistrate Judge issued a proper form order, noting that Petitioner did not sign the petition, pay the filing fee, or file a motion to proceed *in forma pauperis*. (ECF No. 5). The Magistrate Judge ordered Petitioner to correct the deficiencies by June 12, 2024. (ECF No. 5).

---

[1] When Petitioner filed his Petition, he was a pretrial detainee at Fairfield County Detention Center. Plaintiff has since been discharged pursuant to a state court order specifying methods and conditions of release. Letter from Keith Edward Kasyjanski at 1-8, *Kasyjanski v. Squirewell*, No. 1:24-cv-04216-JFA-SVH (D.S.C. Sep. 16, 2024), ECF No. 16.

On June 18, 2024, Petitioner mailed a letter to the Court, stating that he is indigent, and that he was out of paper and stamps. (ECF No. 10). Interpreting the Petitioner's letter as a motion for an extension of time to respond to the proper form order, the Magistrate Judge extended Petitioner's deadline to July 18, 2024. (ECF No. 12). Petitioner failed to correct the deficiencies by the July 18 deadline. Subsequently, the Magistrate Judge issued a Report and Recommendation (Report), concluding that this Court should dismiss Petitioner's Petition without prejudice for failure to prosecute. (ECF No. 16). Thereafter, Petitioner filed objections to the Report, a signed petition and a Form AO 240 to proceed *in forma pauperis*. (ECF Nos. 23, 24 & 26). Petitioner's filings appeared to cure the deficiencies outlined in the Report. Accordingly, the undersigned declined to adopt the Report's recommendation and referred the case to the Magistrate Judge for further proceedings. (ECF No. 29).

On October 28, 2024, the Magistrate Judge issued a second Report and Recommendation, recommending this Court dismiss Plaintiff's claims for three reasons: (1) Petitioner's release from custody rendered his habeas petition moot; (2) Petitioner failed to state a claim upon which relief can be granted; and (3) *Younger v. Harris*, 401 U.S. 37 (1971) requires this Court to abstain from providing Petitioner relief to the extent he seeks freedom from future confinement as a result of his pending criminal charges. (ECF No. 35). The Magistrate Judge advised Plaintiff of his right to object to the Report. (ECF No. 35, pg. 11). However, Plaintiff failed to file objections, and the Report, which was mailed to the address of record, was returned as undeliverable. (ECF No. 41). Therefore, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff failed to raise any objections, and therefore this Court is not required to explain its decision to adopt the recommendation. A review of the Report and prior orders indicate that the Magistrate Judge correctly concluded that Plaintiff's claims should be dismissed.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 35). Consequently, this action is dismissed with prejudice.

IT IS SO ORDERED

December 4, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Court Judge